```
PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America
```

FILED

Apr 25 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMPARO ROSA ARELLANO,<br><br>    Defendant. | CASE NO. 3:25-mj-70477 MAG<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on or about April 23, 2025, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

☐    Indictment

☐    Information

☐    Criminal Complaint

X    Other (describe) Supervised Release Violation Petition

pending in the Southern District of California for Case Number CR 22-02433-bas-1

In that case (copy of violation petition attached), the defendant is charged with seven violations of the terms of his supervised release in violation of 18 U.S.C. § 3583.

The allegations include the following:

(1) On November 11, 2023, the defendant committed the crime of possessing a controlled substance and drug parphernalia;

(2) On July 4, 2024, the defendant committed the crime of possessing a controlled substance;

(3) On September 2, 2024, the defendant committed the crime of assault by means likely to produce great bodily injury.

The assault allegation carries the highest penalties, which are as follows:

- Maximum term of imprisonment: up to 36 months;
- Maximum term of supervision: 36 months less any term of imprisonment.

Respectfully Submitted,

PATRICK D. ROBBINS
Acting UNITED STATES ATTORNEY

Date: April 24, 2025

/s
SAILAJA M. PAIDIPATY
Assistant United States Attorney

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | WARRANT FOR ARREST |
|---|---|
| V. | |
| Amparo Rosa Arellano | Case Number: 22-cr-02433-BAS-1 |

**NOT FOR PUBLIC VIEW**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___Amparo Rosa Arellano___
                                                                                                        Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment    ☐ Information    ☐ Complaint    ☐ Order of Court    ☐ Violation Notice    ☒ Probation Violation Petition
                                                                                                                                                                                                                             ☐ Pretrial Violation

charging him or her with (brief description of offense):

In violation of Title ___See Above___ United States Code, Section(s) _____

| John Morrill | Clerk of the Court |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| s/ A. Cortez | 9/26/2024, San Diego, CA |
| Signature of Deputy | Date and Location |

Bail fixed at $ ___No Bail___ by ___The Honorable Cynthia A. Bashant___
                                                                                                                                                                                                                                                           Name of Judicial Officer

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |



‹PROB 12C
(06/17)

September 23, 2024
pacts id: 8143241

**AMENDED**

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

**AMENDED**

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Amparo Rosa Arellano (Spanish)     **Dkt. No.:** 22CR02433-001-BAS

**Reg. No.:** 23597-510

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(2)(B)(iii), Bringing in Aliens Without Presentation, a Class C felony.

**Date of Sentence:** April 3, 2023

**Sentence:** Twelve months and one day's custody; three years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** August 4, 2023

**Asst. U.S. Atty.:** Michael Lasater       **Defense Counsel:** Isaac Blumberg
(Appointed)
(619) 525-9922

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT

**TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, JANUARY 12, 2024, TO INCLUDE THE FOLLOWING ALLEGATIONS**

Name of Offender: Amparo Rosa Arellano  
Docket No.: 22CR02433-001-BAS

September 23, 2024  
Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime.<br><br>**(Mandatory Condition)**<br>Not unlawfully possess a controlled substance. | 2. On or about November 11, 2023, Ms. Arellano possessed a controlled substance, in violation of California Health and Safety Code § 11377(a), a misdemeanor, as evidenced by Menlo Park Police Department Incident Report No. 2311110051.<br><br>3. On or about November 11, 2023, Ms. Arellano possessed drug paraphernalia, in violation of California Health and Safety Code § 11364, a misdemeanor, as evidenced by Menlo Park Police Department Incident Report No. 2311110051.<br><br>4. On or about July 4, 2024, Ms. Arellano possessed a controlled substance, in violation of California Health and Safety Code § 11377(a), a misdemeanor, as evidenced by Menlo Park Police Department Incident Report No. 2407040001.<br><br>5. On or about September 2, 2024, Ms. Arellano committed assault by means likely to produce great bodily injury, in violation of California Penal Code 245(a)(4), a felony, as evidenced by Menlo Park Police Department Incident Report No. 2409020043. |

***Grounds for Revocation:*** As to Allegations 2 and 3, I have received and reviewed Menlo Park Police Department (MPPD) Incident Report No. 2311110051, which details the following: On November 11, 2023, MPPD officers observed Ms. Arellano riding a bicycle across four lanes of a busy road and conducted a bicycle stop. When contacted, Ms. Arellano stated she had a "pipe" and "meth" in her backpack. A search of Ms. Arellano's backpack yielded a methamphetamine pipe and two small plastic baggies, one with 3.82 grams and another with 1.77 grams of a substance consistent with methamphetamine. Ms. Arellano was cited and released for being in possession of methamphetamine and drug paraphernalia, as well as two outstanding misdemeanor bench warrants from San Mateo County Superior Court (22SM004242A and 22SM004338A).

On April 5, 2024, charges were filed in San Mateo County Superior Court, Case No. 24NM004883A, incident to this arrest. On July 22, 2024, Ms. Arellano pled nolo contendere to misdemeanor possession of a controlled substance and was sentenced to one year of summary probation.

As to Allegation 4, I have received and reviewed MPPD Incident Report No. 2407040001, which details the following: On July 4, 2024, MPPD officers were on patrol near a transient encampment area in Menlo Park, California. The marshland area, known as the "fields" or "jungle," is known for high drug and illegal activity, including violent crimes. At approximately 12:42 a.m., an officer observed a vehicle with an altered license plate exiting the area and recognized Ms. Arellano sitting in the front passenger seat. The officer knew Ms. Arellano from previous police contacts and was aware that Ms. Arellano had outstanding warrants. The officer conducted a traffic stop and detained Ms. Arellano while MPPD Communications confirmed Ms. Arellano had an

| | |
|---|---|
| Name of Offender: Amparo Rosa Arellano | September 23, 2024 |
| Docket No.: 22CR02433-001-BAS | Page 3 |

outstanding warrant in San Mateo County Superior Court, Case No. 24NM004883A, as well as Warrant No. 241105230829B in the U.S. District Court, Northern District of California, Dkt. No. 24MJ70479-001-MAG.

Officers questioned Ms. Arellano, who admitted to having methamphetamine stored in her underwear. Officers seized 3.34 grams of a substance, which yielded positive results for methamphetamine. Ms. Arellano was cited for being in possession of methamphetamine and arrested on the outstanding warrants. The driver of the vehicle was also arrested for an outstanding warrant and for being in possession of methamphetamine. On August 7, 2024, Ms. Arellano was charged with misdemeanor possession of a controlled substance in San Mateo County Superior Court, Case No. 24SM011437A. The matter remains active, trailing San Mateo County Superior Court, Case No. 24SF012600A.

As to Allegation 5, I have received and reviewed MPPD Incident Report No. 2409020043, which details the following: On September 2, 2024, an MPPD officer contacted Jorge Luis Lopez Galvan who was injured near a transient encampment area in Menlo Park, California, known as "the fields." Mr. Galvan had lacerations on his arms and torso, as well as blood around his nose and eyes. He reported being assaulted by four individuals, later identified as Jose Cisneros Penaloza, Juan Miguel Garcia Gonzalez, Victor Alexan Menjivar German, and Amparo Rosa Arellano.

MPPD officers' initial attempts to locate the suspects on September 2, 2024, were unsuccessful. On September 3, 2024, MPPD officers interviewed Mr. Galvan after he was released from the hospital. Mr. Galvan relayed he was a transient who lived on and off the fields. On September 2, 2024, Mr. Galvan went to the fields to obtain methamphetamine from Ms. Arellano. He met with Ms. Arellano and the three men, where Mr. Penaloza confronted Mr. Galvan at the entry way of Ms. Arellano's encampment dwelling. The confrontation became violent when the men began to punch Mr. Galvan and Ms. Arellano struck him on the head several times with a wooden rifle butt stock. The men and Ms. Arellano proceeded to punch Mr. Galvan until he collapsed to the ground, at which point they began to kick him. The assault stopped when the assailants became exhausted, and Mr. Galvan was able to run away.

Mr. Galvan indicated he was scared and believed he would die during the altercation. He did not expect to be assaulted because he hung out with Ms. Arellano and the men the prior day. He believed, however, that he was attacked because Ms. Arellano "creates chaos and …was jealous with the way he took care of the encampment sites." Mr. Galvan provided MPPD with the location of Ms. Arellano's encampment.

On the way to Ms. Arellano's encampment, MPPD officers located Mr. Penaloza. Mr. Penaloza sated the three other suspects intended to scare Mr. Galvan and get him to stop being perverse with women, as Mr. Galvan had reportedly assaulted women from the encampment. Despite apparent injuries to his hands, Mr. Penaloza denied hitting Mr. Galvan, but stated Mr. Gonzalez and Ms. Arellano did hit the victim. He noted that Ms. Arellano hit Mr. Galvan on the head with a wooden rifle butt stock and confirmed that Mr. Galvan went to Ms. Arellano's encampment to obtain methamphetamine from her. Mr. Penaloza was arrested and transported to MPPD.

Officers proceeded to Ms. Arellano's encampment where they found a wooden rifle butt stock, weighing four to five pounds, next to the dwelling's entryway. They announced their presence, and the door was opened by Mr. German. Inside the dwelling, Ms. Arellano was found hiding under blankets before being arrested and transported to MPPD.

At the police station, Mr. Penaloza provided further statements. He indicated that when Mr. Galvan went to Ms. Arellano's encampment, she exited the dwelling looking for a baseball bat and stated Mr. Galvan needed to feel what he made women feel. Ms. Arellano then grabbed a wooden butt stock and told Mr. Galvan, "Now you will

Case 3:25-mj-70477-MAG    Document 1    Filed 04/25/25    Page 8 of 13

PROB12(C)

| | |
|---|---|
| Name of Offender: Amparo Rosa Arellano | September 23, 2024 |
| Docket No.: 22CR02433-001-BAS | Page 4 |

feel what four women felt." Mr. Penaloza then saw Mr. Gonzalez punching the victim and Ms. Arellano hitting the victim with the rifle butt stock. Mr. Penaloza believed the victim was punched over twenty times and struck by Ms. Arellano with the rifle butt stock at least seven times.

Ms. Arellano stated she recently went back to the fields after being released from jail. She indicated she had been subject to harassment by Mr. Galvan and that she heard rumors that Mr. Galvan was harassing other women in the fields. On September 2, 2024, Mr. Galvan contacted her to obtain methamphetamine and followed her to her dwelling, where Mr. Penaloza, Mr. Gonzalez, and Mr. German where located. After a verbal exchange, the three men began to punch Mr. Galvan and Ms. Arellano threw a piece of wood at him. Ms. Arellano stated she then picked up a wooden piece of a rifle and hit Mr. Galvan with it twice, once on his head and once on an arm. Ms. Arellano proceeded to share that the three men beat Mr. Galvan to the ground and began kicking him. She demonstrated how she hit Mr. Galvan with the rifle butt stock by making a hammering down movement and acknowledged someone would be harmed if hit in that manner.

On September 4, 2024, an MPPD officer contacted Mr. Galvan and noticed that Mr. Galvan was nervous, as if he was dissuaded to cooperate in the investigation. The officer later received a phone call from Mr. Galvan stating he was pressured to lie to police and that he did not want any more conflict as he did not want his safety to be in peril. Mr. Galvan stated Mr. Penaloza was not involved in the attack but reiterated that Mr. Gonzalez and Ms. Arellano attacked him.

On September 5, 2024, Ms. Arellano was charged with assault by means likely to produce great bodily injury, in San Mateo County Superior Court, Case No. 24SF012600A. A protection order against Ms. Arellano was also ordered on September 5, 2024. Ms. Arellano is currently in the custody of San Mateo County Sheriff's Office (SMCSO) and is scheduled to appear for a Superior Court review hearing on October 2, 2024, and a preliminary hearing on October 15, 2024.

PROB12(C)

| | |
|---|---|
| Name of Offender: Amparo Rosa Arellano | September 23, 2024 |
| Docket No.: 22CR02433-001-BAS | Page 5 |

**<u>AMENDED</u>**        **VIOLATION SENTENCING SUMMARY**        **<u>AMENDED</u>**

## <u>SUPERVISION ADJUSTMENT</u>

On January 18, 2024, Your Honor issued a warrant after Ms. Arellano's apparent absconding from supervision. On March 26, 2024, Ms. Arellano was taken into the custody of the United States Marshal Service's (USMS) in the Northern District of California and made her initial appearance in U.S. District Court, Northern District of California, Dkt. No. 24MJ70479-001-MAG on March 27, 2027. On April 30, 2024, Ms. Arellano appeared for a status hearing and the magistrate judge ordered Ms. Arellano to be released from custody on May 6, 2024, with instruction to enter a residential drug treatment program. A status hearing was scheduled for May 15, 2024, for which Ms. Arellano failed to appear. A warrant was issued by the magistrate judge on May 22, 2024.

Ms. Arellano was arrested by USMS on the outstanding warrant on July 24, 2024, resulting from her arrest by MPPD for new law violations on July 4, 2024, as alleged herein. She made her initial appearance in the Northern District of California on July 24, 2024, followed by a status hearing on August 26, 2024. Ms. Arellano was again ordered to be released from USMS custody on August 27, 2024, with instruction to enter a residential drug treatment program in the Northern District of California. Ms. Arellano released as scheduled but absconded without entering a program. It does not appear that Ms. Arellano was released under the supervision of the probation or pretrial services office, and there does not appear to be any pending matters before the magistrate the court.

## <u>OFFENDER PERSONAL HISTORY/CHARACTERISTICS</u>

Ms. Arellano has apparently been homeless and actively using methamphetamine in the Northern District of California. As noted in this petition, Ms. Arellano was arrested by MPPD on September 2, 2024, and is currently in the custody of SMCSO. For additional information regarding the offender's personal history, Your Honor is respectfully referred to the original petition dated January 12, 2024.

## <u>SENTENCING OPTIONS</u>

### <u>CUSTODY</u>

**<u>Statutory Provisions</u>:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**<u>Mandatory Revocation</u>: :** If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**<u>USSG Provisions</u>:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves assault by means likely to produce great bodily injury, which constitutes a Grade A violation. USSG §7B1.1(a)(b), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

PROB12(C)

| | |
|---|---|
| Name of Offender: Amparo Rosa Arellano | September 23, 2024 |
| Docket No.: 22CR02433-001-BAS | Page 6 |

A Grade A violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 18 to 24 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure . . . an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3565(a)(2).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

As evidenced by the above allegations, Ms. Arellano continues to demonstrate a serious risk to the community. Should Ms. Arellano be found in violation of her conditions of supervised release, it is recommended her term be revoked and she be sentenced to 21 months of custody, consecutive to any future sentence that may arise from the new criminal activity alleged herein. An additional term of supervised release is not recommended, as Ms. Arellano is expected to serve a term of supervision in San Mateo County, related to her pending felony charges.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: <u>September 23, 2024</u>**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by  _/s/ Steven Nava_
Steven Nava
U.S. Probation Officer
(619) 409-5102

Reviewed and approved:

_/s/ Joshua Garcia_
Tisha Garcia
Supervisory U.S. Probation Officer

PROB12CW

September 23, 2024

**AMENDED**          VIOLATION SENTENCING SUMMARY          **AMENDED**

1. **Defendant:** Arellano, Amparo Rosa

2. **Docket No. (Year-Sequence-Defendant No.):** 22CR02433-001-BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Assault by means likely to produce great bodily injury | A |
| Possessed a controlled substance | C |
| Possessed drug paraphernalia | C |
| Changed residence without notifying PO | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [ III ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                   [ 18 to 24 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

　　　　Restitution ($) _____      Community Confinement _____
　　　　Fine ($)        _____      Home Detention          _____
　　　　Other           _____      Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Amparo Rosa Arellano | September 23, 2024 |
| Docket No.: 22CR02433-001-BAS | Page 8 |

## THE COURT ORDERS:

__X__    AGREE. THE ORIGINAL ORDER TO SHOW CAUSE DATED JANUARY 12, 2024, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS AND A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FIDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____    DISAGREE. THE ORIGINAL ORDER TO SHOW CAUSE DATED JANUARY 12, 2024, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE ROVOKED.

    (Currently detained at the Maple Street Correctional Center in Redwood City, California under Booking No. 850253.0)

_____    Other _____

_____
The Honorable Cynthia Ann Bashant
U.S. District Judge

9/25/2024
Date

jt

RECEIVED
U.S. MARSHALS-S/CA
2024 SEP 26 PM 12: 17